UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MABLE HAMBLIN, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO: 1:16-cv-2558 |
| PRIME DISTRIBUTION SERVICES, INC. | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Ms. Mable Hamblin, hereinafter Ms. Hamblin, by counsel, pursuant to Rule 3, Fed. R. Civ. P., and files her Complaint against the Defendant, Prime Distribution Services, Inc., hereinafter Defendant, and shows the Court the following:

## JURISDICTION AND VENUE

1. This suit is brought and jurisdiction lies pursuant to §28 U.S.C. § 451, 1331, 1337, 1343 and 1345. This is an action authorized and instituted pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981 and 42 U.S.C. § 1983, Retaliatory Discharge for exercising a statutorily conferred right pursuant to *Frampton v. Central Indiana Gas Co.,* 260 Ind. 249, 297 N.E.2d 425 (1973), and violation of the Family Medical Leave Act of 1993, 29 U.S.C. §2601 et seq. ("FMLA").

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of

1

Indiana, Indianapolis Division. Therefore, venue is proper within this District and Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391.

3. This Court has Supplemental jurisdiction over the state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is proper as the state law claims arise out of the same transaction or occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over the state law matters alleged in this Complaint.

## PARTIES

4. The Plaintiff, Ms. Hamblin, is an African American female citizen of the United States, and is a qualified employee as defined in Section 701(f) of Title VII.
5. Defendant is a qualified employer as the term is defined in Section 701(f) of Title VII.
6. Defendant is a foreign for-profit corporation registered with the Indiana Secretary of State.

## ADMINISTRATIVE PROCEDURES

7. On or about February 22, 2016, Ms. Hamblin filed timely charges of Disability Discrimination in violation of Title VII and the ADA, Retaliation for asserting her rights under Indiana's Worker's Compensation laws and failure to comply with FMLA against Defendant with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 470-2016-00386.
8. On or about June 30, 2016, Ms. Hamblin received a Notice of Right to Sue from the EEOC for Charge Number 470-2016-00386, entitling her to commence action within

ninety (90) days of her receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "A".

9. The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## FACTS

10. The Defendant hired Ms. Hamblin on or about August 26, 2006.

11. Throughout her employment with Defendant, Ms. Hamblin met or exceeded Defendant's legitimate expectations of performance.

12. Ms. Hamblin sustained two injuries at work during the course of her employment with the Defendant.

13. Ms. Hamblin sustained her first injury on or about June 1, 2011.

14. Ms. Hamblin notified Defendant of her injury and received worker's compensation treatment and benefits for the 2011 injury.

15. Ms. Hamblin returned to work after her 2011 injury.

16. Ms. Hamblin sustained a second injury on or about March 26, 2013.

17. The Defendant was notified of Ms. Hamblin's 2013 work injury and need for accommodation.

18. The Defendant did not accommodate Ms. Hamblin's 2013 disability.

19. In April 2015 Ms. Hamblin was told that she could perform sedentary work.

20. Ms. Hamblin received notice from the Defendant that she was still employed.

21. Ms. Hamblin contacted the Defendant to advise them of her restrictions and to request accommodation.

22. The Defendant informed Ms. Hamblin that they could not accommodate her disability.

23. Ms. Hamblin then requested FMLA benefits and the Defendant informed her they would get back to her with this information.

24. Ms. Hamblin then received notice that she was terminated on September 21, 2015 immediately after requesting benefits under FMLA and/or short term disability.

25. The Defendant failed to communicate with Ms. Hamblin regarding her disability and need for accommodation as required under the ADA.

26. The Defendant failed to provide Ms. Hamblin notice and information concerning her rights and remedies under the FMLA.

## COUNT I

## DISCRIMINATION ON THE BASIS OF A DISABILITY

Ms. Hamblin, for her first claim for relief against Defendant, states as follows:

27. Ms. Hamblin hereby incorporates by reference paragraphs 1 through 26 as though previously set out herein.

28. At all times relevant to this action, Ms. Hamblin was a "qualified individual with a disability" as that term is defined by 42 U.S.C. §12102 and 12111.

29. The conduct as described hereinabove constitutes discrimination on the basis of Ms. Hamblin's disability.

30. Defendant intentionally and willfully discriminated against Ms. Hamblin because she is disabled and/or because Ms. Hamblin has a record of being disabled and/or because Defendant regarded Ms. Hamblin as disabled. Similarly situated non-disabled employees were treated more favorable in the terms of privileges, and conditions of their employment.

31. Defendant's actions were intentional, willful and in reckless disregard of Ms. Hamblin's rights as protected by the ADA and Title VII.

32. Ms. Hamblin has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## COUNT II

### RETALIATION FOR SEEKING WORKER'S COMPENSATION BENEFITS

33. Ms. Hamblin hereby incorporates by reference paragraphs 1 through 32 as though previously set out herein.

34. Ms. Hamblin sustained two work related injuries during her employment with Defendant.

35. The conduct as described hereinabove constitutes retaliation on the basis of Ms. Hamblin lawfully seeking statutory worker's compensation benefits in violation of the law set forth in *Frampton v. Central Indiana Gas Co.*, 260 Ind. 249, 297 N.E.2d 425 (1973).

36. Defendant intentionally and willfully refused to accommodate Ms. Hamblin's disability caused by her work injury and failed to allow her to return to her employment in retaliation for her seeking her lawful rights under Indiana's Worker's Compensation laws. Similarly situated individuals who were not seeking worker's compensation benefits were treated more favorably in the terms, privileges and conditions of their employment.

37. Defendant's actions were intentional, willful and in reckless disregard of Ms. Hamblin's rights under Indiana Law.

38. Ms. Hamblin has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## COUNT III

## FAMILY MEDICAL LEAVE ACT

39. Ms. Hamblin hereby incorporates by reference paragraphs 1 through 38 as though previously set out herein.

40. Defendant terminated Ms. Hamblin in retaliation for requesting medical leave and otherwise asserting her rights under the FMLA.

41. Defendant's termination of Ms. Hamblin was in violation of her rights under the FMLA.

42. Defendant failed to give Ms. Hamblin notice of her rights under the FMLA.

43. Defendant's actions were intentional, willful, malicious and done in reckless disregard of Ms. Hamblin's legal rights under the FMLA.

44. Ms. Hamblin has suffered economic damages as a result of Defendant's unlawful acts.

45. Ms. Hamblin has suffered emotional distress damages as a result of Defendant's unlawful acts.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Ms. Hamblin, respectfully requests that this Court enter judgment in her favor and:

a. Order Defendant to pay Ms. Hamblin her lost wages and other economic benefits lost as a result of Defendant's unlawful acts;

b. Reinstatement to the position, salary and seniority level to which she would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

c. Pay compensatory damages;

d. Pay punitive damages;

e. Pay liquidated damages

f. Pay for lost future wages

g. Pay to Ms. Hamblin all costs and attorney's fees incurred as a result of bringing this action;

h. Payment of all pre- and post judgment interest;

i. Provide to Ms. Hamblin all other legal and/or equitable relief this Court sees fit to grant.

## DEMAND FOR JURY TRIAL

The Plaintiff, Ms. Hamblin, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted:

/s/ Heather R. Falks
Heather R. Falks 29907-41
David W. Stewart #14968-49
STEWART & STEWART Attorneys
931 S. Rangeline Rd.
Carmel IN 46032
(317) 846-8999
Fax: (317) 843-1991
heatherf@getstewart.com
Attorney for Plaintiff